UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLARD J. BROWN, SR., ET AL                           CIVIL ACTION

VERSUS                                                 NO. 08-2577

ORLEANS PUBLIC DEFENDERS, ET AL                        SECTION "F" (3)

## REPORT AND RECOMMENDATION

The matter is before the undersigned pursuant to an automatic referral.  On April 29, 2008, Willard J. Brown, Sr. and Irona Refro, who are both represented by counsel (Willard J. Brown, Sr.), filed the above captioned Title VII complaint alleging race discrimination against defendants, the Orleans Parish Public Defenders, Stephen Irwin Singer, Paul Barron and Brian Bromberger.  While summons were issued that date, it does not appear from a review of the record that the case that any of the defendants have been served.  More than 120 days have elapsed since the date upon which the captioned lawsuit was filed.

The undersigned set the matter for a Fed. R. Civ. P. 4(m) call docket hearing on August 20, 2008 to determine the status of service and/or whether there was any good reason for the plaintiff's failure to serve the defendants in compliance with the aforesaid rule.  *See* Order dated July 28, 2008 (setting call docket hearing on August 20, 2008) [Doc. #4].  Plaintiffs did not oppose the rule to show cause or make an appearance in court before the undersigned Magistrate Judge.  See Minute Entry dated August 20, 2008 (notifying plaintiffs that their failure to appear on September 10, 2008 or to otherwise effect service on the defendants in this case by that date

1

shall result in the issuance of a report by the undersigned recommending dismissal of the case for failure to prosecute) [Doc. # 5].  A second Rule 4(m) call docket hearing was conducted by the undersigned Magistrate Judge on September 10, 2008.  Again, plaintiffs failed to appear and the defendants remain unserved.

The record reflects that no effort has been made to comply with Rule 4(m).   More than one hundred twenty (120) days has elapsed since the captioned matter was filed.  The rule requires that the Court to dismiss the plaintiffs' case if it is not served within one hundred twenty (120) days, absent a showing of *good cause* for the failure to comply with the dictates of rule.  No such showing has been made in this case.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiffs'Complaint be dismissed without prejudice for failure to serve the defendant within 120 days after the filing of the complaint pursuant to Fed. R. Civ. P. 4(m).

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result form a failure to object.  Douglass v. United States Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 11th  day of September, 2008.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**